*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 1, 2018

**BY ECF**

The Honorable Loretta A. Preska
Senior United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    **United States v. Gary Tanner and Andrew Davenport,**
              **S1 17 Cr. 61 (LAP)**

Dear Judge Preska:

      The Government respectfully submits this letter in response to the defendants' one-paragraph motion, devoid of citation to any authority, to preclude the Government from calling a witness to testify regarding an analysis conducted of defendant Gary Tanner's laptop which was prompted by the defendants' disclosure of a defense witness concerning that laptop. The Government, which retained and then provided notice of its expert witness within four days of receiving the defendants' disclosure, anticipates that its expert witness will give important, relevant evidence of Tanner's consciousness of guilt that the Government is in the process of developing. This evidence should be admitted in the interests of justice and to fulfill the truth-seeking function of trial. The drastic remedy of preclusion is unwarranted because defendants are unable to show any prejudice from the introduction of this evidence. Accordingly, the Court should deny the defendants' request.

## Background

      In or about September 2015, Tanner left Valeant's employment and began working at Philidor. While working at Valeant, Tanner had been issued a Valeant laptop (the "Tanner Laptop") that he used to send messages from email accounts in the names "Gary Tanner" and "Brian Wilson." Tanner retained possession of the Tanner Laptop when he left Valeant and started working at Philidor.

      In or about early October 2015, attorneys at the Civil Division of the United States Attorney's Office for the Southern District of New York served subpoenas on Valeant and Philidor in connection with a related investigation. The Government thereafter ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ made a document request of Valeant.

Around the time that Valeant and Philidor received subpoenas, counsel for Valeant made a request to Philidor's counsel at Duane Morris that Tanner, then a Philidor employee, return the Tanner Laptop. Based on Rule 26.2 statements provided by the defense, Tanner appears to have provided the Tanner Laptop to Duane Morris, which then provided it to Tanner's criminal defense lawyer, who returned the Tanner Laptop to Valeant.

The Government understands that Philidor's counsel at Duane Morris made a forensic image of the laptop before providing it to Tanner's criminal defense lawyer, and that the image has thus been available to counsel for Tanner and Davenport since in or about October 2015.

On April 23, 2018, the defendants provided notice that they intend to call attorney James Beausoleil of Duane Morris as a witness at trial, in order to testify that he observed Tanner receive a request for return of the laptop, and that Tanner complied with that request. Defense counsel proffered that they intend to argue from those facts that Tanner lacked fraudulent intent or consciousness of guilt.

Thereafter, the Government promptly investigated this claim, contacted counsel for Valeant in order to take steps to obtain the Tanner Laptop, and also retained a forensic analyst to conduct a targeted analysis of the Tanner Laptop in order to determine whether any attempts were made to alter the contents of the laptop prior to its return by Tanner to Duane Morris. The analysis is ongoing, but the Government understands that the analysis will demonstrate, and that the analyst will testify, that (a) the Tanner Laptop was used to access multiple profiles on Microsoft Outlook, including profiles with the names "Gary Tanner" and "Brian Wilson;" and (b) in or about October 2015, the Tanner Laptop was modified such that the "Brian Wilson" profile was removed from Microsoft Outlook. Although the analysis is ongoing, the Government understands that the analysis at issue can be completed in less than a week.

On April 27, 2018, the Government provided notice to defense counsel that it intends to call the analyst as a witness, and provided information about the nature of the expected testimony. The Government continues to evaluate whether to offer this testimony in its direct case, but in any event would not call this analyst as a witness until the third week of trial.

**Legal Standard**

The Court enjoys broad discretion in determining whether disclosure of expert testimony after the pretrial deadline for such disclosures is cause for any remedy, and if so what the remedy should be. *United States v. Lee*, 834 F.3d 145, 158 (2d Cir. 2016) (internal quotation marks omitted). Without a showing of specific prejudice, the extreme remedy of preclusion of an expert witness is entirely inappropriate. *See, e.g.*, *United States v. Guerrero*, 2010 U.S. Dist. LEXIS 42729, at *2-3 (S.D.N.Y. Apr. 29, 2010) ("Absent bad faith on the part of the Government, the preclusion of evidence is rarely an appropriate sanction for discovery delay."); *United States v. Dupree,* No. 10 Cr. 627, 2011 U.S. Dist. LEXIS 139810, at *29 (E.D.N.Y. Nov. 28, 2011) (holding that "the extreme remedy of witness preclusion is [not] appropriate here, especially where [the defendant] has not made any specific showing of prejudice," where defendant had hard drive at issue for longer than the Government); *United States v. Ganier*, 468 F.3d 920, 927-28 (6th Cir. 2006); *United States v. Mavashev*, No. 08 Cr. 902 (DLI), 2010 WL

234773, at *2 (E.D.N.Y. Jan. 14, 2010) ("[T]he failure to disclose must generally be complete before a court will preclude an expert witness from testifying."); *United States v. Durante,* No. 11-277 (SRC), 2012 U.S. Dist. LEXIS 18846, at *6-7 (D.N.J. Feb. 15, 2012) ("Preclusion of evidence, an extreme sanction, is not warranted when the purposes of Rule 16 are ultimately not frustrated.").

## Discussion

As an initial matter, the proposed testimony is important to the Government's case and is in the interests of justice. Evidence that Tanner attempted to delete the Brian Wilson profile prior to returning the Tanner Laptop is indicative of his knowledge that the use of the Brian Wilson alias was wrongful, and demonstrates his consciousness of guilt.

The timing of the Government's notice was driven by the defendants' attempts to introduce misleading testimony and evidence regarding Tanner's return of the Tanner Laptop. The Government moved quickly after the defendants' April 23, 2018 disclosure of Mr. Beausoleil as a witness and the limited Rule 26.2 statements produced by the defendants related to Mr. Beausoleil. As soon as practicable after identifying the need for such expert testimony— just four days later, on April 27, 2018—the Government gave expert notice to the defendants. The defendants should not be able to force the Government to develop evidence by virtue of their own Rule 26.2 disclosures but then, after the Government has spent time and resources doing so, prevent the Government from introducing incriminating evidence. Further, the Government provided prompt notice to the defendants upon retaining its forensic analyst and developing a preliminary understanding of the expected testimony. *See United States v. Healey*, 860 F. Supp. 2d 262, 271 (S.D.N.Y. 2012) (ruling that the Government complied with Rule 16 expert disclosure requirements when the Government disclosed evidence underlying new expert testimony during the trial but "disclosed the information as soon as it was discovered").[1]

The defendants cannot contend that they suffer any prejudice as a result of the Government's notice of this testimony, which was provided five days before the commencement of trial, and two-and-a-half weeks before the expected testimony. The defendants have been in possession of an image of the Tanner Laptop for over two years—far longer than the Government—and could have analyzed it at any time prior to trial. Indeed, based on a review of Rule 26.2 material for James Beausoleil of Duane Morris, it appears that Davenport retained a firm named the Capsicum Group, which advertises digital forensics and investigations services, in order to create a forensic image of the Tanner Laptop in late 2015. The defendants also should have known that the "Brian Wilson" profile was deleted since Tanner was the one who did it.

---

[1] It can be no surprise to the defendants that the Government continues to investigate the case up to and even during trial. Nor is it surprising to the Government that the defendants do the same. Indeed, two weeks after the agreed-on deadline for the defendants to disclose their exhibits to the Government, they supplemented their initial disclosure of approximately 860 exhibits with an additional approximately 443 exhibits. The Government understands that reasonable supplementation of the parties' proof is an expected and regular part of trial practice.

Moreover, the testimony the Government expects to introduce is limited in scope. The defendants have sufficient time to prepare to cross-examine the Government's forensic analyst, and to the extent they have not done so in the last two years, sufficient time remains for the defendants to conduct a forensic analysis of their own in order to rebut the expected testimony. The Government does not expect to call the forensic analyst until the third week of trial, and the Court's trial schedule affords ample time for the defendants to prepare.

## **Conclusion**

For the reasons sets forth herein, the Government respectfully submits that the defendants' motion to preclude should be denied.

        Respectfully submitted,

        GEOFFREY S. BERMAN
        United States Attorney

by: /s/    Richard Cooper
     Robert Allen/Richard Cooper/Amanda Kramer
     Assistant United States Attorneys
     (212) 637-2216/2478/1027

Cc:    Counsel of Record (by ECF)