```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 10-31-18
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - x

                        :

UNITED STATES OF AMERICA      :

       - v. -             :

ANDREW DAVENPORT,           :

              Defendant.   :

                        :

- - - - - - - - - - - - - - - - - x

PRELIMINARY ORDER OF
FORFEITURE AS TO SPECIFIC
PROPERTY/
MONEY JUDGMENT

S1 17 Cr. 61 (LAP)

WHEREAS, on or about August 30,2017, ANDREW DAVENPORT (the "defendant") and another, was charged in a four-count Superseding Indictment, S1 17 Cr. 61 (LAP) (the "Indictment"), with honest services wire fraud conspiracy, in violation of Title 18, United States Code, Section 1349 (Count One); with honest services wire fraud, in violation of Title 18, United States Code, Sections 1343, 1346 and 2 (Count Two); with travel act conspiracy, in violation of Title 18, United States Code, Section 371 (Count Three); and with money laundering conspiracy, in violation of Title 18, United States Code, Sections 1956(h) (Count Four);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One through Three, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, which constitutes, or is derived from, proceeds traceable to the commission of said offenses;

WHEREAS, the Indictment also included a forfeiture allegation as to Count Four, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1),of any and all property, real and personal, involved in said offense, or any property traceable to such property;

WHEREAS, on or about May 22, 2018, following a jury trial the defendant was found guilty of Counts One through Four of the Indictment;

WHEREAS, the Government asserts that $9,703,995.33 in United States currency represents that amount of proceeds traceable to the commission of the offenses charged in Counts One through Three of the Indictment that the defendant personally obtained and the amount of property involved in the commission of the offense charged in Count Four of the Indictment;

WHEREAS, the Government seeks the entry of a money judgment in the amount of $9,703,995.33 in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One through Three of the Indictment that the defendant personally obtained and property involved in the offense charged in Count Four of the Indictment;

WHEREAS, the Government seeks the forfeiture of all the defendant's right, title and interest in the following which constitutes proceeds traceable to the offenses charged in Counts One through Three of the Indictment that the defendant personally

obtained and property involved in the offense charged in Count Four of the Indictment:

     a.    Any and all assets on deposit in Wells Fargo Advisors Account 2249-1994 and Command Account 888392953, held in the name of "Andrew J. Davenport";

     b.    Any and all assets on deposit in RBC Capital Markets Account 316-75901, held in the name of Andrew Davenport;

     c.    Any and all assets on deposit in UBS Account PY 30391, held in the name of Andrew and Kristin Davenport;

     d.    Any and all assets on deposit in UBS Account PY 30390, held in the name of Andrew and Kristin Davenport;

     e.    Any and all assets on deposit in UBS Account PY 29590 DD, held in the name of "the 2014 Andrew J. Davenport Irrevocable Trust";

     f.    Any and all assets on deposit in UBS Account PY 29706 DD, held in the name of "the 2014 Andrew J. Davenport Irrevocable Trust; and

     g.    The real property and appurtenances known and described as 190 Golf House Road, Haverford, Pennsylvania 19041

(the "Specific Property");

WHEREAS, the Court finds that, as a result of acts and/or omissions of the defendant, the proceeds traceable to the offenses charged in Counts One through Three of the Indictment that the defendant personally obtained and the property involved in the offense charged in Count Four cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offenses charged in Counts One through Four of the Indictment, to which the defendant was found guilty, a money judgment in the amount of $ 9,703,995.33 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One through Three of the Indictment that the defendant personally obtained and property involved in the offense charged in Count Four of the Indictment, shall be entered against the defendant.

2.    As a result of the offenses charged in Counts One through Four of the Indictment, to which the defendant was found guilty by a jury, all of the defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3.    Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the defendant, ANDREW DAVENPORT, and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

4.    All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the defendant's name and case number.

5.    The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6.    Upon entry of this Preliminary Order of Forfeiture
as to Specific Property/Money Judgment, the United States (or its
designee) is hereby authorized to take possession of the Specific
Property and to hold such property in its secure custody and
control.

7.    Pursuant to Title 21, United States Code, Section
853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal
Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the
Supplemental Rules for Certain Admiralty and Maritime Claims and
Asset Forfeiture Actions, the United States is permitted to publish
forfeiture notices on the government internet site,
www.forfeiture.gov.  This site incorporates the forfeiture notices
that have been traditionally published in newspapers. The United
States forthwith shall publish the internet ad for at least thirty
(30) consecutive days.   Any person, other than the defendant,
claiming interest in the Specific Property must file a Petition
within sixty (60) days from the first day of publication of the
Notice on this official government internet web site, or no later
than thirty-five (35) days from the mailing of actual notice,
whichever is earlier.

8.    The published notice of forfeiture shall state that
the petition (i) shall be for a hearing to adjudicate the validity
of the petitioner's alleged interest in the Specific Property,
(ii) shall be signed by the petitioner under penalty of perjury,

and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9.    Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10.    Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.    All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11.    Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the defendant up to the uncollected amount of the Money Judgment.

12.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or

dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

14. The Clerk of the Court shall forward three certified copies of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment to Assistant United States Attorney Alexander J. Wilson, Chief of the Money Laundering and Asset Forfeiture Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

SO ORDERED:

_____
HONORABLE LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

October 30, 2018
_____
DATE