UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x

UNITED STATES OF AMERICA

- v. -

ANDREW DAVENPORT,

Defendant.

------------------------------------ x

STIPULATION AND ORDER

S1 17 Cr. 61 (LAP)

WHEREAS, on or about August 30, 2017, ANDREW DAVENPORT (the "Defendant"), was charged in a four-count superseding indictment, S1 17 Cr. 61 (LAP) (the "Indictment"), with honest services wire fraud conspiracy, in violation of Title 18, United States Code, Section 1349 (Count One); honest services wire fraud, in violation of Title 18, United States Code, Section 1343, 1346 and 2 (Count Two); Travel Act conspiracy, in violation of Title 18, United States Code, Section 371 (Count Three); and money laundering conspiracy, violation of Title 18, United States Code, Sections 1956(h) (Count Four);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One through Three of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c) of any property, real and personal, which constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One through Three of the Indictment, or any property traceable to such property;

WHEREAS, the Indictment included a forfeiture allegation as to Count Four of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1) of any property, real and personal, involved in the offense charged in Count Four of the Indictment, or any property traceable to such property;

WHEREAS, on or about May 22, 2018, following a jury trial, the Defendant was found guilty of Counts One through Four of the Indictment;

WHEREAS, on or about October 31, 2018, the Court entered a Preliminary Order of Forfeiture with respect to the Defendant, imposing a forfeiture money judgment against the Defendant in the amount of $9,703,995.33, and forfeiting to the United States all right, title and interest of the Defendant in, *inter alia*, the following property:

    i.    The real property and appurtenances known and described as 190 Golf House Road, Haverford, Pennsylvania, 19041,

(the "Subject Property") (D.E. 209);

WHEREAS, on or about March 25, 2021, the Court entered an Amended Preliminary Order of Forfeiture with respect to the Defendant, imposing a forfeiture money judgment in the amount of $9,703,995.33 (the "Money Judgment"), for which the Defendant is jointly and severally liable with co-defendant Gary Tanner, and forfeiting to the United States all of the Defendant's right, title and interest in, *inter alia*, the Subject Property (D.E. 261);

WHEREAS, on or about February 17, 2017, the Government recorded a Notice of Pendency against the Subject Property (the "Lis Pendens");

WHEREAS, the Subject Property is owned by the Defendant and his wife, Kristin Davenport;

WHEREAS, on or about October 5, 2021, Kristin Davenport ("Petitioner") filed a Verified Petition asserting an interest in the Subject Property (D.E. 267); and

WHEREAS, Petitioner and the Government have agreed to the interlocutory sale of the Subject Property by Petitioner before the conclusion of the forfeiture proceedings in order to preserve the value of the Subject Property pending a final order of forfeiture with the net proceeds of the sale to be held as the substitute *res* pending further order of this Court;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED THAT, by and between the United States, United States of America, by its attorney Damian Williams, United States Attorney, Assistance United States Attorney, Richard Cooper, of counsel, Petitioner and her counsel, Seetha Ramachandran, Esq., and Defendant and his counsel, Sharon L. McCarthy and Brian P. Ketcham that:

1. Petitioner is authorized to sell the Subject Property in a commercially feasible manner to a third-party buyer in an arm's length transaction, subject to approval by the United States Attorney's Office for the Southern District of New York and the United States Marshals Service.

2. Petitioner and Defendant shall, upon entry of this Stipulation and Order, take all usual and customary steps to sell the Subject Property in accordance with all laws and procedural rules applicable to the sale, with the purpose to obtain a contract for sale within six (6) months from the date thereof, and effect the actual sale as soon as possible thereafter.

3. In the event the Subject Property is not sold within a year from the date of entry of this Stipulation and Order, the United States Marshals Service is authorized to take custody of and sell the Subject Property in a commercially feasible manner and may, in its sole discretion, reject any offer to purchase the Subject Property where it determines that the offer is being made by, or on behalf of, a person involved in the criminal activity.

4. In furtherance of the interlocutory sale, the Government, Petitioner and Defendant agree to execute promptly any documents which may be required to complete the interlocutory sale of the Subject Property.

5. The United States Attorney's Office for the Southern District of New York, and the United States Marshals Service may, in their sole discretion, reject any offer to purchase

the Subject Property for insufficient value or where it determines that the offer is being made by, or on behalf of, a person involved in the criminal activity alleged as the basis for forfeiture.

6. The net proceeds for the sale of the Subject Property shall include all moneys realized from the sale of the Subject Property, except for the following:

   a. Any outstanding mortgages or liens;
   b. Real estate commissions, fees;
   c. Any other real estate, property, transfer, association or other tax, which is due and owing at the time of the sale;
   d. Any utilities payments due and owing at the time of the sale;
   e. Insurance costs;
   f. Escrow fees;
   g. Title fees;
   h. County transfer fees; and
   i. Cost of necessary repairs

(the "Net Proceeds").

7. The Net Proceeds realized from the sale and any and all income or interest accrued thereon, shall be divided equally between the Petitioner and the Government, with the fifty (50) percent of the Net Proceeds to be turned over to the Government representing the substitute *res* for the Subject Property (the "Substitute Res").

8. Any claim of interest in the Substitute Res by the Petitioner is withdrawn and Petitioner will not oppose the entry of a Final Order of Forfeiture forfeiting all right, title and interest in the Substitute Res to the Government.

9. The Substitute Res shall be issued in a check made payable to the United States Marshals Service and referencing "17 Cr. 61 (LAP), "190 Golf House Road, Haverford, Pennsylvania, 19401" in the memorandum section of the check and be deposited and held by the United States Marshals Service (or its designee) in the Seized Asset Depository Fund.

10. The Petitioner and Defendant further agree to make a payment on the money judgment in the amount of $800,000 (the "Payment") to the Government within six (6) months of

the entry of this Stipulation and Order.

11. The Payment shall be issued in a check made payable to the United States Marshals Service and referencing "17 Cr. 61 (LAP)" in the memorandum section of the check and be deposited and the United States Marshals Service is authorized to deposit the Payment on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

12. Upon receipt, the Government shall apply the Substitute Res and Payment to the Money Judgment and they shall be accepted in full satisfaction of the Money Judgment.

13. This Stipulation and Order constitutes the complete agreement between the Government, Petitioner and Defendant, and may not be amended except by written consent thereof.

14. The Government, the Petitioner and the Defendant hereby waive all rights to appeal or to otherwise challenge or contest the validity of this Stipulation and Order.

15. Each party agrees to bear its costs and attorneys' fees.

16. A true, certified or exemplified copy of this Stipulation and Order and a Release of the Lis Pendens shall be accepted for recording, and shall be recorded, in the original record book by the Delaware County, Pennsylvania Clerk's Office.

17. The Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this Stipulation and Order.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

18. This Stipulation and Order may be executed in counterparts, each of which shall be deemed an original, and all of which, when taken together, shall be deemed the complete Stipulation and Order. Signature pages may be by fax or transmitted electronically, and such signatures shall be deemed to be valid originals.

AGREED AND STIPULATED TO:

DAMIAN WILLIAMS
United States Attorney
Southern District of New York
United States of America

By: *[signature]*   3/11/2022
RICHARD COOPER   DATE
Assistant United States Attorney
One Saint Andrews Plaza
New York, New York 10007
(212) 637-1027

Kristin Davenport

By: *Kristin Davenport [signature]*   3/14/2022
Kristin Davenport   DATE

By: *[signature]*   3/15/2022
Seetha Ramachandran, Esq.   DATE
Attorney for Petitioner Kristen Davenport
Proskauer Rose LLP
11 Times Square
New York, New York 10036
sramachandran@proskauer.com

[SIGNATURES CONTINUE ON FOLLOWING PAGE]

ANDREW DAVENPORT

By: /s/ Andrew Davenport                           3/14/22
    Andrew Davenport                               DATE

By: _____                         _____
    Sharon L. McCarthy, Esq.                       DATE
    Attorney for Defendant
    Kostelanetz & Fink, LLP
    7 World Trade Center, 34th Floor
    New York, New York 10007
    (212) 808-8100
    smccarthy@kflaw.com

SO ORDERED:

/s/ Loretta A. Preska                              March 30, 2022

HONORABLE LORETTA A. PRESKA                        DATE
UNITED STATES DISTRICT JUDGE

ANDREW DAVENPORT

By: _____            _____
    Andrew Davenport                              DATE

By: _____            3/11/2022
    Sharon L. McCarthy, Esq.                      DATE
    Attorney for Defendant
    Kostelanetz & Fink, LLP
    7 World Trade Center, 34th Floor
    New York, New York 10007
    (212) 808-8100
    smccarthy@kflaw.com

SO ORDERED:

_____            _____
HONORABLE LORETTA A. PRESKA              DATE
UNITED STATES DISTRICT JUDGE