UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X

UNITED STATES OF AMERICA

    -v.-  :  **FINAL ORDER OF FORFEITURE**

ANDREW DAVENPORT,  :  S1 17 Cr. 61 (LAP)

    Defendant.

-------------------------------------- X

    WHEREAS, on or about October 31, 2018, this Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment (the "Preliminary Order of Forfeiture") (D.E. 209), which ordered the forfeiture to the United States of all right, title and interest of ANDREW DAVENPORT (the "Defendant") in the following property:

    i.    The real property and appurtenances known and described as 190 Golf House Road, Haverford, Pennsylvania, 19041;

(the "Specific Property");

    WHEREAS, the Preliminary Order of Forfeiture directed the United States to publish, for at least thirty (30) consecutive days, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Specific Property, and the requirement that any person asserting a legal interest in the Specific Property must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3). Pursuant to Section 853(n), the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Specific Property and as a substitute for published notice as to those persons so notified;

    WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of

the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the Government's intent to dispose of the Specific Property before the United States can have clear title to the Specific Property;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Specific Property was posted on an official government internet site (www.forfeiture.gov) beginning on November 29, 2018 for thirty (30) consecutive days, through December 28, 2018 pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on December 28, 2021 (D.E. 281);

WHEREAS, on or about March 25, 2021, the Court entered an Amended Preliminary Order of Forfeiture as to Specific Property/Money Judgment amending the Preliminary Order of Forfeiture to impose a forfeiture money judgment against the Defendant that was joint and several with co-defendant Gary Tanner (D.E. 260);

WHEREAS, on or about October 5, 2021, the Defendant's wife, Kristin Davenport (the "Petitioner") filed a Verified Petition asserting an interest in the Specific Property (the "Petition")(D.E. 267);

WHEREAS, on or about March 30, 2022, the Court entered a Stipulation and Order wherein the Court authorized the sale of the Specific Property by the Petitioner with fifty percent of the sale proceeds to be retained by Petitioner and the remaining fifty percent to be forfeited to the Government (D.E. 296);

WHEREAS, thirty (30) days have expired since final publication of the Notice of Forfeiture and, with the exception of the Petition, no petitions or claims to contest the forfeiture of the Specific Property have been filed;

WHEREAS, on December 13, 2022, following the sale of the Specific Property, the Government received $2,207,212.32 in United States currency representing the Government's fifty percent share of the sale proceeds from the Specific Property (the "Sale Proceeds");

WHEREAS, the Defendant and Petitioner are the only individuals and/or entities known by the Government to have a potential interest in the Sale Proceeds; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2);

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. All right, title and interest in the Sale Proceeds is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2. Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Sale Proceeds.

3. The United States Marshals Service (or its designee) shall take possession of the Sale Proceeds and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

Dated: New York, New York
       November 21, 2024

SO ORDERED:

_____
HONORABLE LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE